IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS,<br><br>*Plaintiff,*<br><br>v.<br><br>BRUCE ELFANT, in his official capacity as Travis County Texas Assessor-Collector and Voter Registrar; ANDY BROWN, in his official capacity as Travis County Judge; JEFF TRAVILLION, in his official capacity as Travis County Commissioner; BRIGID SHEA, in her official capacity as Travis County Commissioner; ANN HOWARD, in her official capacity as Travis County Commissioner; MARGARET GÓMEZ, in her official capacity as Travis County Commissioner.<br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § § § § | Cause No.  1:24-CV-01096 |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 USC §§ 1331, 1343(a)(3), 1357, 1441, 1446 and 1651, 52 USC § 1983, and 52 U.S.C. § 20501 *et seq.*. Defendants BRUCE ELFANT, in his official capacity as Travis County Texas Assessor-Collector and Voter Registrar; ANDY BROWN, in his official capacity as Travis County Judge; JEFF TRAVILLION, in his official capacity as Travis County Commissioner; BRIGID SHEA, in her official capacity as Travis County Commissioner; ANN HOWARD, in her official capacity as Travis County Commissioner; MARGARET GÓMEZ, in her official capacity as Travis County Commissioner (hereinafter, "Defendants"), file this Notice of Removal and hereby remove the action which is currently pending in the 200th Judicial District Court of Travis County, Texas, Cause No. D-1-GN-24-005849, to the U.S. District Court for the Western District of Texas, Austin Division.  Removal to this court is appropriate because

1

this case is a civil action arising under the Constitution, and laws of the United States, specifically U.S. CONST. art. 1, §, cl. 1 (Elections Clause), 52 U.S.C. § 20501 *et seq.* (National Voter Registration Act, hereinafter "NVRA"), and 42 USC § 1983, in which this Court has original jurisdiction over election rules when Congress has chosen to exercise its powers under the Elections Clause to preempt state law as Congress has done with respect to voter registration for elections for federal officers. *See Arizona v. Inter Tribal Council of Arizona, Inc.,* 570 U.S. 1, 11-14 (2013) (hereinafter *ITCA*) ("When Congress legislates with respect to the "Times, Places and Manner" of holding congressional elections, it necessarily displaces some element of a pre-existing legal regime erected by the States.")

## PARTIES

1. Plaintiff in the removed state court case is State of Texas ("State").

2. Defendants in the removed state court case are Bruce Elfant, in his official capacity as Travis County Texas Assessor-Collector and Voter Registrar; Andy Brown, in his official capacity as Travis County Judge; Jeff Travillion, in his official capacity as Travis County Commissioner; Brigid Shea, in her official capacity as Travis County Commissioner; Ann Howard, in her official capacity as Travis County Commissioner; and Margaret Gómez, in her official capacity as Travis County Commissioner (hereinafter "Travis County Parties").

3. Separately docketed in this Court on this same date is an original complaint filed by the Travis County Parties pertaining to their related claims under federal law. After appropriate conference with opposing counsel, it is the intent of the Travis County Parties to request this Court consolidate these two related actions.

## BACKGROUND OF STATE COURT ACTION REMOVED TO THIS COURT

4. On September 5, 2024, the State of Texas filed an Original Petition in Travis County District Court seeking relief in violation of federal law. Attached hereto as ***Exhibit 1*** is

a true and correct copy of the Original Petition that was filed.  In summary, the petition claims that various acts by the Travis County Parties to mail voter registration applications to citizens identified as unregistered to vote but likely eligible to be registered, was unlawful under state law because, the petition argues, the State does not specifically authorize such conduct.

5. Although craftily drafted to appear to only raise state law claims, the Original Petition in fact arises under federal law.  The Travis Couty Parties actions are authorized under federal law, specifically the National Voter Registration Act, 52 U.S.C. § 20501 *et seq.*, to take the actions the State challenges in this removed statute.

6. Congress passed the NVRA pursuant to its powers under the Elections Clause to the U.S. Constitution.

7. In practice, the [Elections] Clause functions as 'a default provision; it invests the States with responsibility for the mechanics of congressional elections, but only so far as Congress declines to pre-empt state legislative choices.' *ITCA,* 570 U.S. at 12 *quoting Foster v. Love*, 522 U.S. 67, 69 (1997).

8. "Because the power the Elections Clause confers is none other than the power to pre-empt, the reasonable assumption is that the statutory text accurately communicates the scope of Congress' pre-emptive intent." ITCA, 514 U.S. at 14.

9. "The assumption that Congress is reluctant to pre-empt does not hold when Congress acts under [the Elections Clause], which empowers Congress to 'make or alter' state election regulations." *Id.*

10. Therefore, this court has removal jurisdiction to consider the scope of federal law as it pertains to the facts of this case to give effect to the preemptive choices made by Congress.

11. Because the "the power the Elections Clause confers is none other than the power to pre-empt," *Id.,* the court maintains removal jurisdiction without regard to considering the

3

factors laid out by the Supreme Court of the United States that must be considered when the ordinary presumption is in place that Congress did not intend to pre-empt. *See Beneficial Nat. Bank v. Anderson,* 539 U.S. 1 (2003). With respect to Elections Clause federal statute, it is known that Congress intended to preempt because preemption is the only power Congress holds with respect to the time, place, and manner of elections.

12. Nevertheless, even were the Court to apply the factors employed when the presumption against pre-emption is in effect, all such factors are met: "(1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is a clear Congressional intent that claims brought under the federal law be removable." *Heimann v. National Elevator Indus. Pension Fund*, 187 F.3d 493, 499 (5th Cir. 1999).

13. The State of Texas's state court pleading seeks to enjoin the Travis County Parties from taking actions that are authorized by federal law by invoking the absence of state law authority for the same acts.

14. The NVRA provides for a federal cause of action, enforceable in federal court and, in fact, specifies that the Secretary of State, not the state Attorney General, is the appropriate state officer empowered with respect to voter registration for federal elections.

15. There is clear Congressional attempt to preempt the state's laws with respect to voter registration in federal elections.

16. The State of Texas's advisory and public statements made through its Attorney General falsely represent that there are no laws authorizing the Travis County Parties' actions and provide false information to citizens who would consider registering pursuant to the NVRA. Moreover, by the Attorney General taking these actions, the NVRA commandment that the

Secretary of State be empowered to direct voter registration is nullified.

17. The actions by the State of Texas and its agents in this regard, seek to effectively nullify federal law and, rather than adjudicate the state's nullification arguments in federal courts, it seeks to do so in the state's own courts by masking the federal questions, that arise under federal law and the U.S. Constitution, as a claim under the state's laws.

18. Yet, the state is aware that Congress has pre-empted its state laws as they pertain to voter registration for federal elections (including the alleged absence of an applicable state law). Indeed, the state has passed a statute that its own laws will take effect, when and if the preemptive federal laws are repealed or enjoined. *See* Tex. Elec. Code § 31.007; *see also*, Tex. Admin. Code § 81.28 (noting that the NVRA amended Tex. Elec. Code § 19.004).

19. In other words, the central issue in the state law petition is: what are the duties of the Travis County Defendants under federal law?

20. Defendants received notice of the State of Texas's most recent state court suit on September 6, 2024. Defendants timely file this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b). *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

BASIS FOR REMOVAL

21. Removal is proper because the State of Texas' suit involves a federal question. 28 USC §§ 1331, 1441(a). The court has jurisdiction pursuant 28 USC §§ 1331, 1343(a)(3), 1357, 1441 and 1446, 52 USC § 1983, and 52 U.S.C. § 20501 *et seq.*. Specifically, the State of Texas' claims arise directly as a consequence of Congress' decision to pre-empt the state's laws pertaining to voter registration, especially in so far as those state laws fail to make it the "the duty of the Federal, State, and *local governments* to promote the exercise" of the Right to Vote. 25 U.S.C. § 20501(a)(1)-(3) (emphasis added).

22. Congress enacted the NVRA to "establish procedures that will increase the number of eligible citizens who register to vote in elections for Federal office," to "make it possible for . . . local governments to implement [the NVRA] in a manner that enhances the participation of eligible citizens as voters in elections for Federal office," and to "protect the integrity of the electoral process." 52 U.S.C. § 20501(b)(1)-(3). The State of Texas in this removed state court lawsuit seeks to avoid the authority Congress provided to local governments such as the Travis County Parties and therefore the entire case arises under the federal constitution and the federal laws.

23. All defendants in the state court lawsuit join in the removal of this case to this federal court. 28 U.S.C. §1446(b)(2)(A); *Cook v. Randolph Cnty.*, 573 F.3d 1143, 1150-51 (11th Cir. 2009); *Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004).

24. Copies of all pleadings, process, orders, and other filings in the State of Texas's state-court suit are attached to this notice as required by 28 USC §1446(a).

25. Venue is proper in this district under 28 USC §1441 because The State of Texas and all other parties are in Austin, Travis County, Texas and the lawsuit giving rise to the federal issues was filed in Travis County, Texas.

26. Defendants will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending.

## JURY DEMAND

27. Prior to removal, the State of Texas did not demand a jury in the state-court suit.

## CONCLUSION

28. For these reasons, Bruce Elfant, in his official capacity as Travis County Texas Assessor-Collector and Voter Registrar; Andy Brown, in his official capacity as Travis County

Judge; Jeff Travillion, in his official capacity as Travis County Commissioner; Brigid Shea, in her official capacity as Travis County Commissioner; Ann Howard, in her official capacity as Travis County Commissioner; and Margaret Gómez, in her official capacity as Travis County Commissioner, hereby remove the state court suit, Cause No. D-1-GN-24-005849, in the 200th District Court of Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division.

Dated: September 17, 2024

Respectfully submitted,

DELIA GARZA
State Bar No. 24076399
TRAVIS COUNTY ATTORNEY
P. O. Box 1748
Austin, Texas 78767
Telephone: (512) 854-9415
Facsimile: (512) 854-4808

Leslie W. Dippel
State Bar No. 00796472
Leslie.Dippel@traviscountytx.gov
Amy S. Ybarra
State Bar No. 24013573
Amy.Ybarra@traviscountytx.gov
Cynthia W. Veidt
State Bar No. 24028092
Cynthia.Veidt@traviscountytx.gov
Assistant Travis County Attorneys

BRAZIL & DUNN

  /s/ Chad W. Dunn
Chad W. Dunn
Texas Bar No. 24036507
1900 Pearl Street
Austin, Texas 78705
Telephone: (512) 717-9822
Facsimile: (512) 515-9355
chad@brazilanddunn.com

K. Scott Brazil
State Bar No. 02934050

        13231 Champion Forest Drive, Suite 406
        Houston, Texas 77069
        Telephone: (281) 580-6310
        Facsimile: (281) 580-6362
        scott@brazilanddunn.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 17, 2024, I electronically filed the foregoing document with the Clerk of the United States District Court for the Western District of Texas, Austin Division, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

      */s/ Chad W. Dunn*
      Chad W. Dunn