# CITATION
## THE STATE OF TEXAS
### CAUSE NO. D-1-GN-24-005849

STATE OF TEXAS

, PLAINTIFF(S)

VS.

BRUCE ELFANT TRAVIS COUNTY TAX ASSESSOR-COLLECTOR AND VOTER REGISTRAR; ANDY BROWN TRAVIS COUNTY JUDGE; JEFF TRAVILLION TRAVIS COUNTY COMMISSIONER; BRIGID SHEA TRAVIS COUNTY COMMISSIONER; ANN HOWARD TRAVIS COUNTY COMMISSIONER; MARGARET GOMEZ TRAVIS COUNTY COMMISSIONER

, DEFENDANT(S)

TO: **BRUCE ELFANT TRAVIS COUNTY TAX ASSESSOR-COLLECTOR AND VOTER REGISTRAR**
**2433 RIDGEPOINT DRIVE**
**AUSTIN TX 78754**

Defendant, in the above styled and numbered cause:
YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

Attached is a copy of the **PLAINTIFFS ORIGINAL VERIFIED PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER TEMPORARY INJUNCTION AND PERM** in the above styled and numbered cause, which was filed on **SEPTEMBER 05, 2024** in the **200TH DISTRICT COURT** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **SEPTEMBER 09, 2024**

REQUESTED BY:
KATHLEEN THERESA HUNKER
PO BOX 12548
AUSTIN, TX 78711-2548

Velva L Price
Travis County District Clerk
Civil Family Court Facility (CFCF)
1700 Guadalupe Street, P.O. Box 679003 (78767)
Austin TX 78701

**Selina Hamilton, Deputy**

## RETURN

Came to hand on the _____ day of _____ _____ at _____ o'clock ____M., and executed at 2433 Ridgepoint Dr. within the County of Travis on the _____ day of _____, _____ at _____ o'clock ____M., by delivering to the within named Bruce Elfant _____, each in person, a true copy of this citation together with the **PLAINTIFFS ORIGINAL VERIFIED PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER TEMPORARY INJUNCTION AND PERM** accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____

Sheriff / Constable / Authorized Person

By: _____

Printed Name of Server

_____ County, Texas

Notary Public, THE STATE OF TEXAS
D-1-GN-24-005849

SERVICE FEE NOT PAID

9/9/24 3:30pm

**JOHN HORN**
PSC3134 EXP 09/30/2025

9/5/2024 5:39 F
Velva L. Pric
District Clerk
Travis Count
D-1-GN-24-0058
Victoria Benavic

D-1-GN-24-005849

Cause No. _____

| | | |
|---|---|---|
| THE STATE OF TEXAS,<br>*Plaintiff,*<br><br>v.<br><br>BRUCE ELFANT, in his official capacity as Travis County Tax Assessor-Collector and Voter Registrar; ANDY BROWN, in his official capacity as Travis County Judge; JEFF TRAVILLION, in his official capacity as Travis County Commissioner; BRIGID SHEA, in her official capacity as Travis County Commissioner; ANN HOWARD, in her official capacity as Travis County Commissioner; MARGARET GÓMEZ, in his official capacity as Travis County Commissioner.<br><br>*Defendant.* | § § § § § § § § § § § § § § § § § § § § § § § | In the District Court of<br><br>Travis County, Texas<br>200TH, DISTRICT COURT<br><br>_____ Judicial District |

**Plaintiff's Original Verified Petition and
Application for Temporary Restraining Order,
Temporary Injunction, and Permanent Injunction**

1.    The State of Texas, by and through Ken Paxton, the Attorney General of Texas, files this Original Verified Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction against Defendants Bruce Elfant, in his official capacity as Travis County Tax Assessor-Collector and Voter Registrar; Andy Brown, in his official capacity as Travis County

Judge; as well as Jeff Travillion, Brigid Shea, Ann Howard, and Margaret Gómez, in their official capacities as Travis County Commissioners (collectively Defendants).

2. The State seeks emergency injunctive relief against the Defendants to prevent them from giving a partisan organization thousands of taxpayer dollars to identify the names and addresses of potentially unregistered voters without statutory authority. Defendants' actions will create confusion, facilitate fraud, undermine confidence in elections, and are illegal *ultra vires* acts because they exceed statutory authority.

## Discovery Control Plan

3. Discovery is intended to be conducted under Level 2 of Texas Rule of Civil Procedure 190.3.

## Claims for Relief

4. Plaintiff seeks injunctive relief. Therefore, this suit is not governed by the expedited actions process in Tex. R. Civ. P. 169.

## Venue

5. Venue is proper in Travis County under section 15.002(a)(1), (a)(2), and (a)(3) of the Texas Civil Practices and Remedies Code.

## Waiver of Sovereign Immunity

6. Neither sovereign immunity nor governmental immunity applies to the State of Texas's *ultra vires* claim. "The basic justification for th[e] *ultra vires* exception to sovereign immunity is that *ultra vires* acts—or those acts without authority—should not be considered acts of the state at all." *Hall v. McRaven*, 508 SW.3d 232, 238 (Tex. 2017) (internal quotation marks and citations omitted). As a

result, "*ultra vires* suits do not attempt to exert control over the state—they attempt to reassert the control of the state over one of its agents." *Id.*

## Parties

7. The plaintiff is the State of Texas, by and through its Attorney General, Ken Paxton. *Yett v. Cook*, 115 Tex. 205, 221, 281 S.W. 837, 842 (1926) ("That the state has a justiciable 'interest' in its sovereign capacity in the maintenance and operation of its municipal corporations in accordance with law does not admit of serious doubt."); *see also State v. Naylor*, 466 S.W.3d 783, 790 (Tex. 2015) ("As a sovereign entity, the State has an intrinsic right to enact, interpret, and enforce its own laws.").

8. The defendants include Bruce Elfant, in his official capacity as the Travis County Tax Assessor-Collector and Voter Registrar. He may be served with process at 2433 Ridgepoint Drive, Austin, TX 78754.

9. The defendants include Andy Brown, in his official capacity as the Travis County Judge. *Id.* He may be served with process at 700 Lavaca, Suite 2.300, Austin, TX 78701.

10. The defendants include Jeff Travillion, in his official capacity as Travis County Commissioner. *Id.* He may be served with process at 700 Lavaca, Suite 2.200, Austin, TX 78701.

11. The defendants include Brigid Shea, in her official capacity as Travis County Commissioner. *Id.* She may be served with process at 700 Lavaca, Suite 2.300, Austin, TX 78701.

12. The defendants include Ann Howard, in her official capacity as Travis County Commissioner. *Id.* She may be served with process at 700 Lavaca, Suite 2.400, Austin, TX 78701.

13. The defendants include Margaret Gómez, in her official capacity as Travis County Commissioner. *Id.* She may be served with process at 700 Lavaca, Suite 1510, Austin, TX 78701.

14. *Ultra vires* claims lie against officials in their official capacities. *See Hall*, 508 S.W. at 240 (stating that "an ultra vires suit must lie against the allegedly responsible government actor in his official capacity") (internal quotation marks omitted).

## Factual Background

15. Over 6,500 non-citizens have been removed from Texas voter rolls since 2021. Press Release, Office of the Texas Governor, *Governor Abbott Announces Over 1 Million Ineligible Voters Removed from Voter Rolls* (Aug. 26, 2024), https://gov.texas.gov/news/post/governor-abbott-announces-over-1-million-ineligible-voters-removed-from-voter-rolls. Of those non-citizens, nearly 2,000 have voted. *Id.*

16. On August 27, 2024, the Travis County Commissioners Court held a public meeting. *See generally* Travis County Commissioners Court, Agenda for Aug. 27, 2024, Travis County Clerk, https://traviscotx.portal.civicclerk.com/event/3270/files/agenda/11524 (last visited Sept. 4, 2024) (Recording available at https://traviscotx.portal.civicclerk.com/event/3270/media)

17. At this meeting, the Commissioners Court approved agenda item 39 hiring the company Civic Government Solutions (CGS) to conduct services for the County that the County is unauthorized to perform.

18. CGS claims to have the "most comprehensive database of unregistered voters." Home, Civic Government Solutions (last visited Sept. 3, 2024), https://civicgs.com/. It states it has "broad range of expertise, including data

scientists, voting law experts, and mail logistics experience" that enables it to "deliver the market's most reliable and effective voter registration solutions." *Id.*

19. CGS claims to have sent more than 10 million mailers since 2018 and has registered approximately 2 million people since 2018. *Id.*

20. Agenda item 39 called for the Commissioners Court to approve a contract award to CGS for "unregistered voter outreach services[.]" *See* Travis County Commissioners Court Voting Session Agenda Request for Tuesday, August 7, 2024, Travis County Clerk, https://traviscotx.portal.civicclerk.com/event/3270/files/report/14478, (last visited Sept. 4, 2024).

21. But in approving agenda item 39, the Commissioners Court did much more than approve a contract with CGS for unregistered voter outreach services. Specifically, the Commissioners Court approved a contract with a partisan vendor to conduct activities in excess of the County's statutory authority. The contract specifically tasks CGS with identifying "any current Travis County resident that is at least 18 years of age, a US citizen and not already registered to vote" who in turn "must provide Travis County a list, in a Comma Separated Value format, of the resultant, Eligible Resident-Citizens and their current residence address and mailing address[.]" *See* Invitation For Bid NO. 2407-003-BB, Travis County Purchasing Office, https://media.governmentnavigator.com/media/bid/1721843333_2024-07-24_2407-003-BB.pdf (last visited Sept. 5, 2024).

22. The CEO of CGS, Jeremy Smith (Smith), has made prior public comments made on a podcast about his interest in getting people to vote for progressive candidates. *See Jeremy Smith of Civitech Discusses Data and Tools for Progressive Politics*, THE GREAT BATTLEFIELD (Sep. 2, 2022), https://greatbattlefield.com/episode/data-and-tools-for-progressive-politics-with-jeremy-smith-of-civitech/.

Plaintiff's Original Verified Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction  Page 5
*The State of Texas v. Bruce Elfant*

23. Smith is also listed as CEO of the company Civitech. *See* Texas Comptroller of Public Accounts, *Taxable Entity Search Results*, "Civitech, INC." https://mycpa.cpa.state.tx.us/coa/coaSearchBtn. (last visited Sep. 3, 2024).

24. Civitech is listed as the registrant contact of the CGS internet domain. *See* WHOIS.com, https://www.whois.com/whois/civicgs.com. (last visited Sept. 3, 2024),

25. Civitech has been described as a "Progressive data startup." Sara Fischer, *Progressive data startup Civitech raises $10M*, Axios, https://www.axios.com/2022/01/12/dem-startup-civitech-raises-10-million-midterm (last visited Sep. 3, 2024).

26. Its website claims that the company's goal is to "drive support for progressive causes and candidates" and that "[r]egistering the unregistered likely Democratic voters across the nation could be the key to securing Democratic victory in 2024." *Closing the Voter Registration Gap*, Civitech, https://civitech.io/post/closing-the-voter-registration-gap/ (last visited Sep. 4, 2024).

## Legal Background

27. It is well-established that "[t]he authority vested in Texas counties—and county officials—is limited." *State v. Hollins*, 620 S.W.3d 400, 406 (Tex. 2020). This is because political subdivisions of the state—such as counties, municipalities, and school districts—"represent no sovereignty distinct from the state and possess only such powers and privileges as have been expressly or impliedly conferred upon them." *Id.* They are "a subordinate and derivative branch of state government." *Avery v. Midland Cty.*, 406 S.W.2D 422, 426 (Tex. 1966).

28. Travis County is a political subdivision of the State of Texas; it therefore possesses only those powers granted to it by the Texas Constitution or the Texas

Legislature. *See, e.g., Town of Lakewood v. Bizios*, 493 S.W.3d 527, 536 (Tex. 2016). More precisely, it:

> possesses and can exercise the following powers, and no others: First, those *granted in express words*; second, those *necessarily or fairly implied* in or incident[ ] to the powers expressly granted; third, those essential to the accomplishment of the declared objects and purposes of the corporation—not simply convenient, but *indispensable.* "*Any* fair, *reasonable,* substantial *doubt* concerning the existence of power is resolved by the courts against the corporation, *and the power is denied.*"

*Foster v. City of Waco*, 113 Tex. 352, 355 (Tex. 1923).

29. In the case of the Election Code, the Legislature further cabined the power of political subdivisions, instructing that "[a] public official or election official may not create, alter, modify, waive, or suspend any election standard, practice, or procedure mandated by law or rule in a manner not *expressly* authorized by this [election] code." *Id.* § 276.019 (emphasis added).

30. Defendant Bruce Elfant is an agent of Travis County; he cannot take any action in his official capacity that exceeds the scope of the County's powers. He "possesses only those powers 'granted in express words' or 'necessarily or fairly implied in' an express grant—powers 'not simply convenient' but 'indispensable.'" *Hollins*, 620 S.W.3d at 406.

31. Defendants Andy Brown, Jeff Travillion, Brigid Shea, Ann Howard, and Margaret Gómez make up the Travis County Commissioners Court. They too "possess[] only those powers 'granted in express words' or 'necessarily or fairly implied in' an express grant—powers 'not simply convenient' but 'indispensable.'" *Id.*; *see also City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003) (noting the limited nature of commissioner courts' powers).

32. "Any reasonable doubt must be resolved against an implied grant of authority." *Hollins*, 620 S.W.3d at 406.

33. According to the Election Code, "[a] person desiring to register to vote" in Texas "must submit an application to the registrar of the county in which the person resides." Tex. Elec. Code § 13.002(a).

34. Not everyone is qualified to register to vote, however. A person is eligible for registration, only if he or she is (1) "18 years of age or older;" (2) "a United States citizen;" (3) has not "been determined by a final judgment of a court exercising probate jurisdiction to be: (A) totally mentally incapacitated; or (B) partially mentally incapacitated without the right to vote;" (4) has not "been finally convicted of a felony;" and (5) is "a resident of the county in which application for registration is made." *Id.* § 13.001.

35. Traditionally, "[t]he county tax assessor-collector was the voter registrar for the county[.]" *Id.* § 12.001. The Travis County Clerk has not created the position of county elections administrator. Defendant Elfant, as the Travis County Tax Assessor-Collector, is the voter registrar for Travis County.

36. The Election Code does not empower the voter registrar or any other county official to collect information about private citizens in order to then convince them to register to vote.

37. The county voter registrar has a few enumerated powers, including, *inter alia*:

- As an election official to whom an election document is required to be submitted, "shall make printed forms for that purpose, as officially prescribed, readily and timely available." *Id.* § 1.010(a).

- To "furnish forms in a reasonable quantity to a person requesting them for the purpose of submitting or filing the document or paper." *Id.* § 1.010(b).

- To appoint volunteer deputy registrars. *Id.* § 13.031.

- To review and take action on voter registration applications as required by law. *Id.* §§ 13.071–.080.

- To maintain files of active and inactive applications. *Id.* § § 13.071–.080.

38. But nothing in the Election Code gives a voter registrar the right to contract for services that identify and target potentially unregistered voters, an unknown quantity of whom are not even eligible to vote.

### The State of Texas requests an injunction against Defendants' *ultra vires* acts

39. The Court should enjoin Defendants from giving a partisan organization thousands of taxpayer dollars to identify the names and addresses of potentially unregistered voters. Defendants lack the authority to contract with a vendor to identify and target potentially unregistered individuals who may or may not be eligible to vote. Defendants' acts are therefore *ultra vires*.

40. In an *ultra vires* case, a plaintiff must allege, and ultimately prove, that an officer acted without legal authority or failed to perform a purely ministerial act. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009).

41. Counties in Texas are limited to exercising those powers that are specifically conferred on them by statute or the constitution. *Guynes v. Galveston Cty.*, 861 S.W.2d 861, 863 (Tex. 1993). The County has no sovereign power of its own: It "is a subordinate and derivative branch of state government." *Avery v. Midland Cty.*, 406

S.W.2d 422, 426 (Tex. 1966), *rev'd on other grounds*, 390 U.S. 474 (1968); see TEX. CONST. art. IX, § 1 ("The Legislature shall have power to create counties for the convenience of the people"); *id.* art. XI, § 1 ("The several counties of this State are hereby recognized as legal subdivisions of the State."). As a political subdivision, the County "represent[s] no sovereignty distinct from the state and possess[es] only such powers and privileges" as the State confers upon it. *Wasson Interests, Ltd. v. City of Jacksonville*, 489 S.W.3d 427, 430 (Tex. 2016) (quotation omitted); accord *Quincy Lee Co. v. Lodal & Bain Engineers, Inc.*, 602 S.W.2d 262, 264 (Tex. 1980).

42. A commissioners court also has power "necessarily implied to perform its duties." *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 29 (Tex. 2003). Such powers must, however, be "indispensable" to perform such an express grant of authority, *Foster v. City of Waco*, 255 S.W. 1104, 1105–06 (Tex. 1923). "Any fair, reasonable, substantial doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied." *Id.*

43. There is no statute empowering Defendants to identify and target potentially unregistered individuals who may or may not be eligible to register vote. Nor do those acts constitute exercises of power necessarily implied to perform Defendants' duties.

44. In fact, Defendants' actions undermine Texas law. A governmental entity performing such actions may cause individuals who are ineligible to vote to believe they may register.

45. In entering this contract with CGS, Defendants' actions are *ultra vires* and they should be enjoined.

## Application for a Temporary Restraining Order

46. "The purpose of a TRO is to preserve the status quo, which we have defined as the last, actual, peaceable, non-contested status which preceded the pending controversy." *In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004) (footnote and internal quotation marks omitted).

47. If the Court does not issue the requested temporary restraining order, the status quo will be irrevocably broken. The proximity of the upcoming election demonstrates Defendants' intent to carry out their plans imminently. Once that happens, there will be no way to "un-ring" the bell. Not only will Travis County have collected a database of its citizens' personal information, but it will also have a publicly available list of individuals who may or may not be eligible to register to vote, which would in turn embolden those on the list who are ineligible to vote to attempt to register.

48. The State will suffer irreparable injury in that event. As a sovereign entity, Texas has an inherent right to enforce its own law. *Naylor*, 466 S.W.3d at 790. And the State "indisputably has a compelling interest in preserving the integrity of its election process." *Eu v. S.F. Cty. Democratic Cent. Comm.*, 489 U.S. 214, 231 (1989). That right will be fundamentally undermined the moment that list is compiled. And no other way exists to make Plaintiff whole. The State's sovereign interest cannot be remedied with monetary damages. *See Hollins*, 620 S.W.3d at 410. State officers will be required to combat the confusion that will inevitably result from Defendants' actions. Even if state officers were able to divert their full attention to that task, it likely will not repair the resulting damage. Moreover, time they spend on this issue will distract them from their other critical duties just weeks before an election.

49. Therefore, the State is entitled to a temporary restraining order preserving the status quo by enjoining Defendants from executing Travis County's contract with CSG, or, in the alternative, preventing Travis County from acting under that contract, to prevent the *ultra vires* act of compiling a list of individuals who are not registered to vote without statutory authority to do so..

## Application for a Temporary Injunction

50. For similar reasons, the State is entitled to a temporary injunction. A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).

51. Plaintiff must prove three elements to obtain a temporary injunction: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Id.*

52. Plaintiff describes its probable right to recovery above. Plaintiff is not required to establish that it will prevail at trial to obtain a temporary injunction. *Butnaru* at 211.

53. An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Butnaru* at 204. If Defendants are not enjoined and send the applications, damages are not available as a remedy and would not compensate Plaintiff in any event for the reasons discussed above. *See Hollins*, 620 S.W.3d at 410.

54. Therefore, Plaintiff is entitled to a temporary injunction enjoining Defendants from executing Travis County's contract with CSG, or, in the alternative, preventing Travis County from acting under that contract, to prevent the *ultra vires*

act of compiling a list of individuals who are not registered to vote without statutory authority to do so.

## Application for a Permanent Injunction

55. Plaintiff requests trial on the merits, where it will seek a permanent injunction enjoining Defendants from executing Travis County's contract with CSG, or, in the alternative, preventing Travis County from acting under that contract, to prevent the *ultra vires* act of compiling a list of individuals who are not registered to vote without statutory authority to do so.

## Prayer

56. Therefore, Plaintiff seeks a temporary restraining order, temporary injunction, and permanent injunction enjoining Defendants from compiling a list of Travis County residents who are currently not registered to vote, a subset of whom are undoubtedly not eligible to register to vote.

Dated: September 5, 2024.

Respectfully submitted,

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Legal Strategy

RYAN D. WALTERS
Chief, Special Litigation Division

*/s/Kathleen T. Hunker*
KATHLEEN T. HUNKER
Special Counsel
State Bar No. 24118415

ZACHARY L. RHINES
Assistant Attorney General
State Bar No.24116957

RYAN KERCHER
Deputy Chief, Special Litigation Division
State Bar No. 24060998

Special Litigation Division
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1706 • fax (512) 320-0167
Kathleen.Hunker@oag.texas.gov
Zachary.Rhines@oag.texas.gov
Ryan.Kercher@oag.texas.gov

*ATTORNEYS FOR PLAINTIFF*

Cause No. _____

| | | |
|---|---|---|
| THE STATE OF TEXAS,<br>   *Plaintiff*, | § § § § § § § | |
| v. | § § § | |
| BRUCE ELFANT, in his official capacity as Travis County Tax Assessor-Collector and Voter Registrar; ANDY BROWN, in his official capacity as Travis County Judge; JEFF TRAVILLION, in his official capacity as Travis County Commissioner; BRIGID SHEA, in her official capacity as Travis County Commissioner; ANN HOWARD, in her official capacity as Travis County Commissioner; MARGARET GÓMEZ, in his official capacity as Travis County Commissioner. | § § § § § § § § § § § § § § § § | In the District Court of<br><br>Travis County, Texas<br><br>_____ Judicial District |
|    *Defendant.* | § § | |

## Declaration of Austin Kinghorn

My name is Austin Kinghorn. I am over eighteen years of age, am of sound mind, and am capable of making this declaration. I am an employee of the following governmental agency: the Office of the Attorney General of Texas. I am executing this declaration as part of my assigned duties and responsibilities as the Deputy Attorney General for Legal Strategy.

I have read the above Original Verified Petition and Application for Temporary

200TH, DISTRICT COURT