**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| THE STATE OF TEXAS,<br>*Plaintiff,*<br><br>v.<br><br>BRUCE ELFANT, in his official capacity as Travis County Tax Assessor-Collector and Voter Registrar; ANDY BROWN, in his official capacity as Travis County Judge; JEFF TRAVILLION, in his official capacity as Travis County Commissioner; BRIGID SHEA, in her official capacity as Travis County Commissioner; ANN HOWARD, in her official capacity as Travis County Commissioner; MARGARET GÓMEZ, in his official capacity as Travis County Commissioner.<br><br>*Defendants.* | Case No. 1:24-CV-01096 |

### STATE OF TEXAS'S SUPPLEMENTAL EMERGENCY MOTION FOR REMAND

The Plaintiff, State of Texas, hereby files this Supplemental Motion for Remand the above-referenced action to the appropriate state court.

**INTRODUCTION AND BACKGROUND**

On September 5, 2024, the State sued Defendants in Travis County District Court for *ultra vires* acts related to violation of state election law and sought both a temporary restraining order and a temporary injunction. Dkt 10-2 at 1. The district court denied the State's request for a Temporary Restraining Order and instead ordered the Parties to proceed to a hearing on a

temporary injunction. Ex. B. Before the State could set the temporary injunction hearing, however, Defendants improperly removed the case to federal court, where this matter now sits. Dkt. 1. That same day, the State filed an Emergency Motion to Remand, noting that Defendants' removal was a bad-faith delay tactic. Dkt. 2

Since the filing of the State's Emergency Motion, new evidence has emerged that shows how Defendants' actions are currently harming the State. Given this newly-discovered information, the State now respectfully requests and re-urges the Court to remand this case to the jurisdictionally appropriate state court as soon as possible.

## ARGUMENT

As discussed more in depth in the State's Emergency Motion, *id.*, Defendants removed this case to delay and interfere with the state court's ability to provide relief to the State. Specifically, the State in this case seeks to prevent collusion between Defendants and Civic Government Solutions (CGS)—a partisan data firm that has contracted with Travis County to compile a list of potentially unregistered voters with the inevitable end goal of sending out voter registration applications to these potential voters.

This harm is not just imminent—it is occurring in real time. Counsel for the State was made aware of a mailer that was sent to Louise O'Connor, an individual that Travis County had somehow identified as a Travis County resident who may not be registered to vote. Ex. A-1–A-4. Travis County does not explain how it obtained this information, but given its contract with CGS, it is more likely than not that Ms. O'Connor's name and address were supplied by CGS. Along with the notice, Travis County sent a voter registration form for Ms. O'Connor to sign. Ex. A-5–A-6. Nothing in this mailing indicated that Ms. O'Connor may or may not be eligible to vote—in fact, the mailing operated on the assumption that Ms. O'Connor is eligible to vote.

And in fact, Ms. O'Connor is not eligible to vote. Ms. O'Connor was the maternal grandmother of former state representative Terry Keel. Ex. A at ¶2. She is ineligible to vote because she died in 1980—overt forty years ago. *Id.* The mailer was received by Rep. Keel's parents, who are 97 and 93 years old, respectively. *Id.*

Such an action is *ultra vires* in direct violation of state law, *see State v. Hollins,* 620 S.W.3d 400, 410 (Tex. 2020), and is the exact action that the State sought to prevent when it filed its lawsuit. *See generally* Dkt. 10-2. As a result of this harm, the State will be irreparably damaged— once these notices are sent out *en masse*, they cannot be unsent. These sorts of careless mailings have the potential to open elections to fraud and other untoward conduct, thus drastically harming the State's election security.

## Conclusion

For these additional reasons, the State requests the Court immediately remand this action.

Date: September 20, 2024

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Legal Strategy

RYAN D. WALTERS
Chief, Special Litigation Division

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
(512) 463-2100
ryan.kercher@oag.texas.gov
kathleen.hunker@oag.texas.gov
garrett.greene@oag.texas.gov

Respectfully submitted.

*/s/ Ryan G. Kercher*
RYAN G. KERCHER
Deputy Chief, Special Litigation Division
Tex. State Bar No. 24060998

KATHLEEN T. HUNKER
Special Counsel
Tex. State Bar No. 24118415

ZACHARY L. RHINES
Assistant Attorney General
Tex. State Bar No. 24116957

COUNSEL FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on September 20, 2024, and that all counsel of record were served by CM/ECF.

*/s/ Ryan G. Kercher*
RYAN G. KERCHER