IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS,<br>*Plaintiff,*<br><br>v.<br><br>BRUCE ELFANT, in his official capacity as Travis County Tax Assessor-Collector and Voter Registrar; ANDY BROWN, in his official capacity as Travis County Judge; JEFF TRAVILLION, in his official capacity as Travis County Commissioner; BRIGID SHEA, in her official capacity as Travis County Commissioner; ANN HOWARD, in her official capacity as Travis County Commissioner; MARGARET GÓMEZ, in his official capacity as Travis County Commissioner.<br><br>*Defendants.* | Case No. 1:24-cv-01096 |

## STATE OF TEXAS'S SECOND SUPPLEMENTAL EMERGENCY MOTION FOR REMAND

The Plaintiff, State of Texas, hereby files this Second Supplemental Motion for Remand the above-referenced action to the appropriate state court.

### INTRODUCTION AND BACKGROUND

On September 5, 2024, the State sued Defendants in Travis County District Court for *ultra vires* acts related to violations of state election law and sought both a temporary restraining order and a temporary injunction. Dkt. 10-2 at 1. The district court denied the State's request for the

Temporary Restraining Order and instead ordered the Parties to proceed to a hearing on a temporary injunction. Before the State could do so, Defendants removed the case to federal court in an attempt to avoid Texas pursuing further judicial review in state court. Dkt. 1. Defendants failed to identify a good-faith basis for the removal in their notice. That same day, the State filed an Emergency Motion to Remand, noting that Defendants' removal was a bad-faith delay tactic. Dkt. 2.

Since the filing of the State's Emergency Motion, new evidence has emerged that shows how Defendants' actions are currently harming the State. Given this newly-discovered information, the State now respectfully requests and re-urges the Court to remand this case to the jurisdictionally appropriate state court.

## ARGUMENT

As discussed more in depth in the State's Emergency Motion, *id.*, Defendants removed this case to delay and interfere with the state court's ability to provide relief to the State. Specifically, the State in this case seeks to prevent collusion between Defendants and Civic Government Solutions (CGS), a partisan data firm that has contracted with Travis County to compile a list of potentially unregistered voters, with the ultimate goal of sending out voter registration applications *en masse* to these potential voters.

The harm that the State sought to prevent in the state courts is not just imminent—it is occurring in real time. As noted in the State's previous Supplement to Motion for Remand, Travis County paid its partisan vendor, CGS, to help register a voter who had been deceased for over forty years. Counsel for the State has since become aware that Travis County and its vendor, CGS— with whom Bexar County has also contracted for similar purposes—has once again unlawfully attempted to register voters.

Candice Dickey has resided at the same Travis County address since February 2021. She has recently received seven voter registration applications from two senders: Travis County, and the Voter Participation Center. Each of the mailers was addressed to one of four addressees:

Kimberly Spano, Koy Spano, Taylor Hundley, or Tara Hundley. None of those addressees lives at Ms. Dickey's residence; Ms. Dickey does not know them, and none of them are the seller from whom she purchased her home. Attached hereto as Exhibit A is Ms. Dickey's declaration concerning her experience and providing true and correct copies of the mailings.

Travis County's contract with CGS makes it clear that it intends to continue distributing unsolicited voter registration forms based on the information it obtained. Such an action is *ultra vires* in direct violation of state law, *see State v. Hollins,* 620 S.W.3d 400, 410 (Tex. 2020), and is the exact action that the State sought to prevent when it filed its lawsuit. *See generally* Dkt. 6-1. As a result of this action, the State will be irreparably damaged—once these notices are sent out *en masse*, they cannot be unsent. These sorts of careless mailings have the potential to open elections to fraud and other untoward conduct, thus drastically harming the State's election security.

## CONCLUSION

For these additional reasons, the State requests the Court immediately remand this action.

Date: September 23, 2024

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Legal Strategy

RYAN D. WALTERS
Chief, Special Litigation Division

Respectfully submitted.

*/S/ Ryan G. Kercher*
RYAN G. KERCHER
Deputy Chief, Special Litigation Division
Tex. State Bar No. 24060998

KATHLEEN T. HUNKER
Special Counsel
Tex. State Bar No. 24118415

GARRETT GREENE
Assistant Attorney General
Tex. State Bar No. 24096217

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
(512) 463-2100
ryan.kercher@oag.texas.gov
kathleen.hunker@oag.texas.gov
garrett.greene@oag.texas.gov

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on September 23, 2024, and that all counsel of record were served by CM/ECF.

*/s/ Ryan G. Kercher*
RYAN G. KERCHER