IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS,<br>*Plaintiff,*<br><br>v.<br><br>BRUCE ELFANT, in his official capacity as Travis County Tax Assessor-Collector and Voter Registrar; ANDY BROWN, in his official capacity as Travis County Judge; JEFF TRAVILLION, in his official capacity as Travis County Commissioner; BRIGID SHEA, in her official capacity as Travis County Commissioner; ANN HOWARD, in her official capacity as Travis County Commissioner; MARGARET GÓMEZ, in his official capacity as Travis County Commissioner.<br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § § § § | Case No. 1:24-cv-01096 |

## STATE OF TEXAS'S RESPONSE TO THE COURT'S ORDER AT DOCKET 17

Defendants have delayed these proceedings at every turn. Now, they seek further delay the State's ability to obtain relief while simultaneously admitting that they have used their bad-faith delay tactics to carry out the very illegal actions Texas sought to enjoin. At this juncture, Defendants must answer for their actions in *state* court. The legal theory by which they purport to invoke this Court's federal question jurisdiction is without merit, and the Court should immediately remand this action. Texas has provided ample support for this position. Comparatively, Defendants' most recent supplement is the latest in a series of actions designed to

stall judicial review long enough to moot the State's claims. This Court should not permit them to do so.

First, the Court should rule on the State's Motion to Remand before addressing the merits this dispute. The threshold issue before the Court is whether Defendants properly invoked Article III jurisdiction when they removed this case to federal court. It is well-settled that when a federal court determines that it lacks subject-matter jurisdiction over a removed matter, "an immediate remand is required." *Miller v. Dunn*, No. 3:24-CV-1105-D, 2024 WL 2187551 at *2 (N.D. Tex. May 15, 2024) (citing 28 U.S.C. § 1447(c); *Lutostanski v. Brown*, 88 F.4th 582 (5th Cir. 2023)). Furthermore, because "'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . .' The removal statute is therefore to be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362 (5th Cir. 1995)).

Defendants seek to further postpone justice by arguing that the controversy has passed, but this Court must first address the threshold issue of whether the removal invoked its federal question jurisdiction. But for Defendants' improper, bad-faith invocation of federal question jurisdiction in this case, a state court would be tasked with adjudicating the issue of whether the controversy is still live. Therefore, the first—and only—issue that this Court must decide is whether to send this case back to state court.

Second, despite Defendants' representations in their supplement, this dispute is far from moot, and Texas still requires immediate relief. The mailing of voter registration applications is only one part of the contract that the State of Texas seeks to enjoin. The State's action still has additional live controversies, such as Defendants' appropriation of taxpayer dollars for a contract to pay a partisan data firm to absent any authority to actually enter into that contract. These actions will also cause irreparable harm to the State. *See* Dkt. 10-2 at 9, ¶ 39 ("The Court should enjoin Defendants from giving a partisan organization thousands of taxpayer dollars. . ."). The State still requires emergency relief to enjoin performance of this contract. Moreover, removal to the Court

precludes the State's amendment of its pleadings (in state court, where the Rules of Civil Procedure allow multiple amendments without leave) to update the pending lawsuit based on new information.

Defendants are counting on this delay and have rewarded this Court's decision to allow them to respond with yet more bad faith. Tellingly, Defendants have not moved to dismiss based on mootness. Since removal to this Court, the State has turned multiple motions around in less than 24 hours to this Court in order to limit delay. If Defendants had actual basis to argue mootness, they doubtless could have compiled a short motion asking for dismissal. To be clear, such relief would be improper before the Court decides the remand issue. But it is important to note what Defendants have not said. Their latest notice does not say the case is moot, and provides no evidence in support of their claim that any all possibly enjoinable actions have been completed. No declarations, no documents, no copy of the contract. Instead, Defendants rely on their own *ipse dixit* to suggest the case may be moot, and leave the Court to indulge their intimations *sua sponte*.

The Court has indulged Defendants long enough. There is no evidence the case is moot, and Defendants are not acting as if they believe the case is moot. If Defendants believed the case was moot they would not have removed it, or else they would have moved to dismiss by now.

Until this Court rules on the State's Emergency Motion for Remand, the State cannot litigate their state-court claims. Defendants know this, which is why they seek to ultimately moot this case through litigation tactics that serve primarily to cause delay. Absent remand, the State cannot test Defendants' suggestion of mootness and cannot amend to address new information. If the case is indeed moot, the proper court to make that determination about the State's state-law claims is a state court. This Court should remand this case immediately and deny Defendants any further opportunities to stall for time.

Date: September 29, 2024

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Legal Strategy

RYAN D. WALTERS
Chief, Special Litigation Division

*/S/ Ryan G. Kercher*
RYAN G. KERCHER
Deputy Chief, Special Litigation Division
Tex. State Bar No. 24060998

KATHLEEN T. HUNKER
Special Counsel
Tex. State Bar No. 24118415

ZACHARY L. RHINES
Assistant Attorney General
Tex. State Bar No. 24116957

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
(512) 463-2100
ryan.kercher@oag.texas.gov
kathleen.hunker@oag.texas.gov
garrett.greene@oag.texas.gov

COUNSEL FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on September 29, 2024, and that all counsel of record were served by CM/ECF.

*/s/ Ryan G. Kercher*
RYAN G. KERCHER