IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | |
| BRUCE ELFANT, in his official capacity as Travis County Texas Assessor-Collector and Voter Registrar; ANDY BROWN, in his official capacity as Travis County Judge; JEFF TRAVILLION, in his official capacity as Travis County Commissioner; BRIGID SHEA, in her official capacity as Travis County Commissioner; ANN HOWARD, in her official capacity as Travis County Commissioner; MARGARET GÓMEZ, in her official capacity as Travis County Commissioner. | § § § § § § § § § § § § § | Cause No. 1:24-cv-01096-DII |
| *Defendants.* | § § | |

## **DEFENDANTS' ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Bruce Elfant, in his official capacity as Travis County Texas Assessor-Collector and Voter Registrar; Andy Brown, in his official capacity as Travis County Judge; Jeff Travillion, in his official capacity as Travis County Commissioner; Brigid Shea, in her official capacity as Travis County Commissioner; Ann Howard, in her official capacity as Travis County Commissioner; and Margaret Gómez, in her official capacity as Travis County Commissioner (hereinafter collectively referred to as "Defendants"), and make and files this their Original Answer to Plaintiff's Original Verified Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction, and would respectfully show unto this Honorable Court as follows:

1

**RESPONSES TO ALLEGATIONS**

1-2.    Paragraph 1 through 2:  These paragraphs do not require Defendants to admit or deny but to the extent they require a response, they are denied.

3.    Paragraph 3:  Defendants deny these allegations.

4.    Paragraph 4:  Defendants deny these allegations.

5.    Paragraph 5:  Defendants deny these allegations apply in federal court.  Nevertheless, Defendants do not contest venue.

6.    Paragraph 6.  Defendants deny these allegations.

7.    Paragraph 7.  Defendants cannot admit or deny the conclusory allegations in Paragraph 7 because the allegations state legal conclusions to which no response is required. In an abundance of caution, Defendants deny these allegations.

8.    Paragraph 8.  Defendants admit that Bruce Elfant is the current Travis County Tax Assessor-Collector and Voter Registrar. Defendants further admit that Bruce Elfant is sued in his official capacity only.

9.    Paragraph 9.  Defendants admit that Andy Brown is the current Travis County Judge. Defendants further admit that Andy Brown is sued in his official capacity only and may be served at the alleged address.

10-13.  Paragraph 10 through Paragraph 13.  Defendants admit that Jeff Travillion, Brigid Shea, Ann Howard, and Margaret Gomez are current members of the Travis County Commissioners Court. Defendants further admit that the current members of the Travis County Commissioners Court are each sued in their official capacity only and may be served at the alleged address.

14.    Paragraph 14.  Defendants cannot admit or deny the conclusory allegations in Paragraph 7 either due to lack of knowledge or information sufficient to form a belief about the truth of the

allegations or because the allegations state legal conclusions to which no response is required. In an abundance of caution, Defendants deny these allegations.

15.     Paragraph 15. Plaintiff makes general allegations about elections that Defendants cannot deny or admit at this time without further inquiry, including expert analysis, therefore Defendants deny them at this time.

16.     Paragraph 16. Defendants admit these allegations.

17.     Paragraph 17:  Defendants admit these allegations.

18.     Paragraph 18:   Defendants are without sufficient information to admit or deny the accuracy of these statements.

19.     Paragraph 19:   Defendants are without sufficient information to admit or deny the accuracy of these statements.

20.     Paragraph 20:  Defendants admit these allegations.

21.     Paragraph 21:  Defendants deny the allegations in the second sentence of this paragraph. Defendants admit the remainder of the allegations in Paragraph 21.

22.     Paragraph 22:   Defendants are without sufficient information to admit or deny the accuracy of these statements.

23.     Paragraph 23:   Defendants are without sufficient information to admit or deny the accuracy of these statements.

24.     Paragraph 24.   Defendants are without sufficient information to admit or deny the accuracy of these statements.

25.     Paragraph 25.  Plaintiff makes general allegations that Defendants cannot deny or admit categorically, so Defendant denies them.

26.    Paragraph 26.    Defendants are without sufficient information to admit or deny the accuracy of these statements.

27.    Paragraph 27.    Plaintiff makes a legal argument, not factual assertions. Applicable law speaks for itself, and does not require that Defendants admit or deny it.

28.    Paragraph 28. Defendants admit Travis County is a political subdivision of the State of Texas. The remainder of the allegations in this paragraph contain legal argument, not factual assertions. Applicable law speaks for itself, and does not require that Defendants admit or deny it.

29.    Paragraph 29. Plaintiff makes a legal argument, not factual assertions. Applicable law speaks for itself, and does not require that Defendants admit or deny it.

30.    Paragraph 30. Defendants admit that Defendant Elfant is an elected official of Travis County, Texas. The remainder of the allegations in this paragraph contain legal argument, not factual assertions. Applicable law speaks for itself, and does not require that Defendants admit or deny it.

31.    Paragraph 31. Defendants admit that Defendants Brown, Travillion, Shea, Howard and Gomez are elected officials of Travis County, Texas. The remainder of the allegations in this paragraph contain legal argument, not factual assertions. Applicable law speaks for itself, and does not require that Defendants admit or deny it.

32.    Paragraph 32. Plaintiff makes a legal argument, not factual assertions. Applicable law speaks for itself, and does not require that Defendants admit or deny it.

33.    Paragraph 33. Plaintiff makes a legal argument, not factual assertions. Applicable law speaks for itself, and does not require that Defendants admit or deny it.

34.     Paragraph 34. Plaintiff makes a legal argument, not factual assertions. Applicable law speaks for itself, and does not require that Defendants admit or deny it.

35.     Paragraph 35. Defendants admit that Defendant Elfant is the Voter Registrar for Travis County, Texas. The remainder of the allegations in this paragraph contain legal argument, not factual assertions. Applicable law speaks for itself, and does not require that Defendants admit or deny it.

36.     Paragraph 36. Plaintiff makes a legal argument, not factual assertions. Applicable law speaks for itself, and does not require that Defendants admit or deny it.

37.     Paragraph 37.  Plaintiff makes a legal argument, not factual assertions. Applicable law speaks for itself, and does not require that Defendants admit or deny it.

38.     Paragraph 38. Plaintiff makes a legal argument, not factual assertions. Applicable law speaks for itself, and does not require that Defendants admit or deny it.

39.     Paragraph 39. Defendants deny these allegations.

40.     Paragraph 40. Plaintiff makes a legal argument, not factual assertions. Applicable law speaks for itself, and does not require that Defendants admit or deny it.

41.     Paragraph 41. Plaintiff makes a legal argument, not factual assertions. Applicable law speaks for itself, and does not require that Defendants admit or deny it.

42.     Paragraph 42. Plaintiff makes a legal argument, not factual assertions. Applicable law speaks for itself, and does not require that Defendants admit or deny it.

43.     Paragraph 43. Defendants deny these allegations.

44.     Paragraph 44. Defendants deny these allegations.

45.     Paragraph 45. Defendants deny these allegations.

46-49. <u>Paragraph 46 through Paragraph 59.</u> Defendants deny that Plaintiff is entitled to a temporary restraining order and otherwise deny these allegations.

50-54. <u>Paragraph 50 through Paragraph 54.</u> Defendants deny that Plaintiff is entitled to a temporary injunction and otherwise deny these allegations except as to allegations of law which Defendants are not required to admit or deny.

55. <u>Paragraph 55.</u> Defendants deny that Plaintiff is entitled to a permanent injunction and otherwise deny these allegations except as to allegations of law which Defendants are not required to admit or deny.

56. <u>Paragraph 56.</u> Defendants deny that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

57. FIRST AFFIRMATIVE DEFENSE: Plaintiff's Original Verified Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction fails to state a claim on which relief can be granted.

58. SECOND AFFIRMATIVE DEFENSE: The relief Plaintiff seeks is now moot as to the election to be held on November 5, 2024.

59. THIRD AFFIRMATIVE DEFENSE: To the extent Plaintiff's claims derive under state law, Plaintiff's claims are preempted by federal law. Defendants' voter registration powers and duties are governed under federal law, including the Voting Rights Act of 1965, National Voter Registration Act and Help America Vote Act. To the extent that there are applicable provisions in state law they allow the conduct Plaintiff complains of in their implementation of federal law.

60. FOURTH AFFIRMATIVE DEFENSE: Plaintiff is not entitled to equitable relief and the balance of equities weigh in Defendants' favor. Plaintiff has unclean hands.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants Bruce Elfant, in his official capacity as Travis County Texas Assessor-Collector and Voter Registrar; Andy Brown, in his official capacity as Travis County Judge; Jeff Travillion, in his official capacity as Travis County Commissioner; Brigid Shea, in her official capacity as Travis County Commissioner; Ann Howard, in her official capacity as Travis County Commissioner; and Margaret Gómez, in her official capacity as Travis County Commissioner, generally deny each and every allegation in the Petition, except otherwise provided for above and pray that the Court demand strict proof of Plaintiff's claims and that should the evidence not support those claims, that Plaintiff take nothing by reason of this suit; and, that the Court issue Final Judgment in favor of these Defendants.

Dated: September 30, 2024

Respectfully submitted,

DELIA GARZA*
TRAVIS COUNTY ATTORNEY
State Bar No. 24076399
P. O. Box 1748
Austin, Texas 78767
Telephone: (512) 854-9415
Facsimile: (512) 854-4808

Leslie W. Dippel
State Bar No. 00796472
Leslie.Dippel@traviscountytx.gov
Amy S. Ybarra
State Bar No. 24013573
Amy.Ybarra@traviscountytx.gov
Cynthia W. Veidt
State Bar No. 24028092
Cynthia.Veidt@traviscountytx.gov
Assistant Travis County Attorneys

BRAZIL & DUNN

 /s/ Chad W. Dunn

7

Chad W. Dunn
Texas Bar No. 24036507
1900 Pearl Street
Austin, Texas 78705
Telephone: (512) 717-9822
Facsimile: (512) 515-9355
chad@brazilanddunn.com

K. Scott Brazil
State Bar No. 02934050
13231 Champion Forest Drive, Suite 406
Houston, Texas 77069
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
scott@brazilanddunn.com

*Attorneys for Defendants*

*\*Pro Hac Vice Admission Pending*

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2024, I electronically filed the foregoing document with the Clerk of the United States District Court for the Western District of Texas, Austin Division, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: */s/ Chad W. Dunn*
Chad W. Dunn

8